NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

DANITA ALUPOAIEI, *Petitioner/Appellee,*

*v.*

TYLER CORREA, *Respondent/Appellee.*

OANA G. ALUPOAIEI, *Third-Party/Appellant.*

No. 1 CA-CV 20-0570 FC
FILED 11-23-2021

Appeal from the Superior Court in Maricopa County
No. FC2019-000755
The Honorable Michael Rassas, Judge

**VACATED AND REMANDED**

COUNSEL

Rebecca L. Owen PLLC, Phoenix
By Rebecca L. Owen
*Counsel for Respondent/Appellee*

Law Office of Florence M. Bruemmer PC, Anthem
By Florence M. Bruemmer
*Counsel for Third-Party/Appellant*

---

**MEMORANDUM DECISION**

Judge Brian Y. Furuya delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Michael J. Brown joined.

---

**F U R U Y A**, Judge:

¶1             Oana Alupoaiei ("Grandmother") challenges the superior court's ruling on her petitions for third-party legal decision-making authority relating to her grandchild. Because the court erred in denying the amended petition without a hearing, we vacate that ruling and remand for the court to consider the merits of the amended petition for third-party legal decision-making.

## FACTS AND PROCEDURAL HISTORY[1]

¶2             Danita Alupoaiei ("Mother") and her child lived with Grandmother in New York since the child's birth in March 2016 until mid-2017. A New York court awarded joint custody to Mother and Tyler Correa ("Father"), who were not married. In July 2017, Mother and Father moved with the child to North Carolina, where they lived together for nearly a year.

¶3             In June 2018, Mother and the child moved to Arizona to live with Grandmother. Mother registered the New York custody order in Arizona. In early 2019, Mother petitioned to modify the New York joint custody order ("2019 petition"). Mother sought sole legal decision-making and primary residential parent designation because she and Father now lived in different states, and Father, a servicemember, would soon be stationed in Japan. Father opposed the petition. The court entered temporary orders continuing joint legal decision-making, designating Mother the primary residential parent, and awarding Father up to one week of parenting time when he visited Arizona. Because Father was stationed overseas, the court granted his unopposed motion to stay the final

---

[1]             Grandmother objects to Tyler Correa's statement of facts because they lack citations to the record and raise events that occurred after the ruling on appeal. *See* ARCAP 13(a)(5), (b)(1). However, our factual discussion is based on our own review of the record. *See Sholes v. Fernando,* 228 Ariz. 455, 457, ¶ 2, n.2 (App. 2011).

modification hearing under the Servicemembers Civil Relief Act. *See* 50 U.S.C. §§ 3901–4043.

¶4        During the stay, Mother re-enlisted and was also stationed overseas. Grandmother petitioned for third-party sole legal decision-making authority under Arizona Revised Statutes ("A.R.S.") § 25-409. The court denied the petition without a hearing, finding it did not show that all four elements in § 25-409(A) were true, "specifically § 25-409(A)(2)." A few days later, Father returned to the United States and moved for expedited temporary orders allowing him to bring the child to his temporary duty station in New York. Father had been granted emergency leave and a humanitarian transfer so he could take custody of the child.

¶5        While Father's motion was pending, Grandmother amended her petition for third-party legal decision-making. She again failed to serve either parent or their attorneys. In response to Father's attempt to take the child with him to New York, Grandmother filed an emergency motion without notice. She sought sole legal decision-making, physical custody, and supervised parenting time for Father. The court issued a temporary order granting Grandmother's emergency motion.

¶6        The next day, Father filed an "expedited stipulation" signed by both parents, in which Mother allowed Father to keep the child until her overseas deployment ended. As a result, the day after the court had issued the temporary order granting Grandmother sole legal decision-making and physical custody, it issued an order temporarily granting Father physical custody. The court later dismissed Grandmother's emergency motion but did not refer to the temporary order the court had previously issued in response to that emergency motion.[2]

¶7        The court later signed a final order (1) dismissing Grandmother's emergency motion and vacating the hearing on that motion, (2) denying Grandmother's petition and amended petition for third-party legal decision-making, and (3) dismissing Father's expedited motion for

---

[2]        In yet another order, the court set a status conference on Mother's 2019 petition to modify. It later stayed the status conference after we stayed the appeal because of Mother's overseas deployment, citing the Servicemembers Civil Relief Act. Once we lifted the stay in May 2021, the superior court held a status conference. Both parents and Grandmother appeared, and, on Mother's request, the court dismissed her 2019 petition to modify parenting time, legal decision-making, and child support.

temporary parenting time orders. Grandmother unsuccessfully moved for reconsideration of the order denying her petitions for third-party legal decision-making.

## DISCUSSION

### I. Appellate Jurisdiction Exists.

¶8 Father argues that we lack jurisdiction because the notice of appeal is premature. Father asserts that because the petition for grandparent visitation is pending in superior court, the appeal from the denial of the third-party petition is premature. We disagree. The petition for grandparent visitation filed under § 25-409(C) is a separate proceeding from the petition for third-party legal decision-making filed under § 25-409(A). Because the ruling on the § 25-409(A) petition was final, the appeal is not premature. The notice of appeal was timely, and we have jurisdiction pursuant A.R.S. §§ 12-120.21(A)(1) and -2101(A)(1).

### II. The Summary Denial Eliminated the Need to Serve the Petition.

¶9 Father contends that Grandmother did not serve the third-party § 25-409(A) petitions or otherwise provide notice to either parent. Although this was not addressed in her appellate briefs, Grandmother explained in her response to Father's motion to strike that she did not serve the third-party petitions because the court summarily denied them. As a result, the court never issued an order to appear to serve with the petition.

¶10 Under Arizona Rules of Family Law Procedure 27(d), a third-party petition filed under § 25-409(A) must be served with an order to appear no later than twenty days *before the hearing*. *See also* A.R.S. § 25-409(D) (requiring the petitioner to serve the parents notice and a copy of a petition filed under § 25-409(A)). But when the court summarily denies the petition without a hearing and before it issues the order to appear, there is no need for the petitioner to serve that petition and order to appear. Thus, the lack of service did not prejudice Father.

### III. The Amended Petition Sufficiently Alleged the Elements in § 25-409(A).

¶11 Grandmother argues the court erred by denying the petition and amended petition for third-party legal decision-making without a hearing. We review the court's interpretation and application of A.R.S. § 25-409 de novo. *Chapman v. Hopkins*, 243 Ariz. 236, 240, ¶ 14 (App. 2017).

**¶12**         A person other than a parent can petition for legal decision-making by filing a petition under § 25-409(A). *See Id.* at ¶ 15; A.R.S. § 25-402(B)(2). The court must summarily deny the petition unless it finds that the petition establishes all four statutory elements listed in A.R.S. § 25-409(A).[3] *See Chapman,* 243 Ariz. at 240, ¶ 16. But to withstand summary disposition, a petition for third-party legal decision-making under § 25-409(A) need only *allege* that the four statutory elements exist, not prove them, and the facts alleged in the petition need not be "uncontroverted." *Chapman,* 243 Ariz. at 242, ¶¶ 21 n.2, 24.

**¶13**         Here, Father contends Grandmother failed to show she stood in loco parentis or that it would be significantly detrimental for the child to be placed in the care of either parent. *See* A.R.S. § 25-409(A)(1)–(2). Furthermore, the court determined Grandmother's petition and amended petition did not sufficiently comply with § 25-409(A)(2).

**¶14**         To adequately plead her in loco parentis status, Grandmother had to sufficiently allege the child treated her "as a parent" and she "has formed a meaningful parental relationship with [the] child for a substantial period of time." A.R.S. § 25-401(1). Like the grandparents in *Chapman*, who stood in loco parentis, Grandmother alleged she provided daily care and lived with the child for most of his life. *See Chapman,* 243 Ariz. at 238, 242, ¶¶ 4–6, 22; *see also Roberto F. v. Ariz. Dep't of Econ. Sec.,* 232 Ariz. 45, 48–49, ¶¶ 5–11 (App. 2013) (stating that foster parents stood in loco parentis because they cared for the children for twenty months while the mother struggled with substance abuse and the father was incarcerated or in treatment programs).

**¶15**         Grandmother alleged that she lived with the child all but nine months of his life. She alleged that she provided for the child's daily financial, medical, emotional, and physical needs and set forth examples.

---

[3]      The court must summarily deny a third-party petition for legal decision-making unless the pleading shows all four statutory elements are true: (1) the petitioner stands in loco parentis; (2) "[i]t would be significantly detrimental to the child to remain or be placed in the care of either legal parent who wishes to keep or acquire legal decision-making[;]" (3) it has been one year since the last legal decision-making or parenting time order, unless there is reason to believe the "present environment may seriously endanger the child's physical, mental, moral or emotional health[;]" and (4) one of the child's parents is deceased or the parents are not married to each other or a petition for dissolution or separation is pending when the petition is filed. A.R.S. § 25-409(A).

At the time of the amended petition, both parents were stationed overseas, and Grandmother was caring for the child. In May 2018, when Father left Mother and the child in North Carolina, Mother and the child moved in with Grandmother in Arizona. Grandmother also alleged that even when Mother lived with her, Grandmother primarily cared for the child and provided for his daily needs.

¶16　　　　Father contends that he and Mother are fit parents, so Grandmother cannot stand in loco parentis. Father also focuses on the superior rights of a parent. To allege in loco parentis standing, a third-party need not show they have a parental relationship that replaces that of the legal parents or that their relationship is superior to the legal parents. *Riepe v. Riepe,* 208 Ariz. 90, 93, ¶ 10 (App. 2004); A.R.S. § 25-401(1). Grandmother's amended petition sufficiently alleged that she stood in loco parentis to the child.

¶17　　　　Next, Grandmother alleged that it would be significantly detrimental to allow the child to remain in the care of either parent. She specifically alleged that when the child lived with the parents they left loaded firearms within his reach, did not properly care for his diaper rash, and he suffered "bumps and bruises." She also asserted that the parents did not provide adequate food, proper food for the child's allergies, regular financial support, or medical insurance. Grandmother alleged that it would be significantly detrimental to send the child to live with parents who frequently move, sometimes overseas, depending on their military assignments. Finally, she alleged that it would be significantly detrimental to remove the child from her stable home and care given their strong bond and the child's request that Grandmother promise not to "'give him away' again."

¶18　　　　Father disputes Grandmother's allegations and questions her credibility. Many facts Father cites are irrelevant because they occurred after the court denied the amended petition. But more importantly, "[§] 25-409(A) does not require that the initial petition contain uncontroverted evidence of significant detriment for the court to consider a third party's petition for legal decision-making." *Chapman,* 243 Ariz. at 242, ¶ 24. The *Chapman* court found that the pleading requirement for a petition under § 25-409(A) was like that in Arizona Rule of Civil Procedure 12(b)(6), and the court is required to assume the truth of all well-pled factual allegations in the petition. *Id.* Applying that standard, Grandmother's amended petition sufficiently alleged that placing the child in the parents' care would be significantly detrimental. Therefore, we vacate the summary denial of the amended petition and remand for reconsideration on the merits.

**¶19**      Given this resolution, we need not address Grandmother's arguments that the summary denial deprived her of due process, that the parents' stipulation was invalid, or that the stay was improper. The stipulation was signed after the amended petition for third-party legal decision-making and is not relevant in deciding whether the petition contained sufficient allegations. Further, because the stay was lifted, arguments relating to it are moot.

## ATTORNEYS' FEES AND COSTS ON APPEAL

**¶20**      We deny Father's request for attorneys' fees on appeal under § 25-324 because we lack any information about the parties' financial resources. Grandmother is entitled to her costs on appeal upon compliance with ARCAP 21. *See* A.R.S. § 12-342.

## CONCLUSION

**¶21**      We vacate the court's order summarily denying Grandmother's amended petition for third-party legal decision-making and remand for the court to consider the merits of Grandmother's amended third-party petition for legal decision-making.



AMY M. WOOD • Clerk of the Court
FILED:    AA